**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ella C. Ramirez, | ) | No. CV-09-0319-PHX-LOA |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Litton Loan Servicing LP; Penny Mac Loan Services, | ) | |
| Defendant. | ) | |

This case arises upon the Court's review of the docket. In Defendant PennyMac Loan Services, LLC's Joinder in Motion to Dismiss, docket # 7 at 1, n. 1, the Court discovers Plaintiff Ella C. Ramirez may have recently filed a bankruptcy petition. The Court independently confirms Plaintiff Ramirez has, indeed, filed for bankruptcy protection on February 13, 2009 in the United States Bankruptcy Court for the District of Arizona in No. BK-09-498-PHX-CGC.

By virtue of the automatic stay imposed pursuant to 11 U.S.C. § 362(a)(1) with the filing of Plaintiff Ramirez' Chapter 7 Bankruptcy Petition, all pending matters against Defendants are, and will be stayed, until further order of the Court. 11 U.S.C. § 362(a)(1); *O'Donnell v. Vencor Inc.*, 466 F.3d. 1104 (9th Cir. 2006).

There is presently pending in the Bankruptcy Court the Bank of New York Mellon's and Litton Loan Servicing's Motion for Relief from Stay, docket # 17, which

1  Plaintiff Ramirez has opposed. The Motion has not been ruled upon at this time.

2  The bankruptcy docket also reflects Mr. Robert A. Mackenzie, 2025 N. 3rd St., #157, Phoenix, Az 85004 has been appointed as the Bankruptcy Trustee. A bankruptcy trustee is vested with the exclusive right to sue on behalf of a bankruptcy estate. Title 11 U.S.C. § 323; *Estate of Spirtos*, 443 F.3d 1172, 1176 (9th Cir. 2006) ("[t]he bankruptcy code endows the bankruptcy trustee with the exclusive right to sue on behalf of the estate."). The Ninth Circuit makes clear that although "the trustee may authorize others to bring suit, . . . the right to bring suit--or choose not to do so--belongs to the trustee in the first instance." *Id*. at 1175.

In *O'Donnell*, plaintiff's case was placed on inactive status to give her sufficient time to move to lift the stay, seek to reduce the claims against defendant to judgment in the bankruptcy court, or otherwise demonstrate a reasonable basis to continue the case on inactive status. O'Donnell was warned that failure to comply would result in dismissal of her complaint for failure to prosecute under Federal Rule of Civil Procedure 41(b). Eleven days after the expiration of the deadline, O'Donnell filed an untimely motion, seeking a continuance of her case on inactive status and requesting an informal status conference. After O'Donnell failed to appear at the status conference she requested, O'Donnell's complaint was dismissed without prejudice under Rule 41(b). She did not appeal that dismissal. *O'Donnell*, 466 F.3d. at 1108. "Although [t]he general rule is that actions taken in violation of an automatic stay are void, the dismissal for failure to prosecute was not void because it did not constitute a continuation of a judicial proceeding against the debtor under 11 U.S.C. § 362(a)(1)." *Id*. (internal quotation marks and citations omitted). Dismissal of O'Donnell's complaint was affirmed.

Plaintiff is similarly advised that this lawsuit against Defendants will be dismissed on **June 19, 2009** (90 days) pursuant to Rule 41(b) (lack of prosecution) unless prior to the scheduled dismissal date, Plaintiff Ramirez with appropriate authorization from the Trustee, the Bankruptcy Trustee or any Defendant herein demonstrates in writing that the stay in the Bankruptcy Court has been lifted; Plaintiff or Trustee has

- 2 -

sought to reduce the claim(s) against the Defendants to judgment in the Bankruptcy Court in an adversary proceeding which has not yet been adjudicated despite Plaintiff's or Trustee's due diligence in seeking its resolution; or Plaintiff or Trustee has timely demonstrated a reasonable basis for continuance of the lawsuit on inactive status. Any party herein may ask the Court to schedule an informal status conference **before** the 90-day period expires to inform the Court what action, if any, has been undertaken in the Bankruptcy Court that would permit this lawsuit to proceed.

On the Court's own motion,

**IT IS ORDERED staying** this lawsuit in its entirety and placing it on inactive status until **June 19, 2009** (90 days) for dismissal.

**IT IS FURTHER ORDERED** directing the Clerk to mail a copy of this Order to Mr. Robert A. Mackenzie, 2025 N. 3rd St., #157, Phoenix, Az 85004

DATED this 18th day of March, 2009.

Lawrence O. Anderson
United States Magistrate Judge