**WO**

NOT FOR PUBLICATION

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ELLA C. RAMIREZ, | No. CV-09-0319-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| LITTON LOAN SERVICING LP; PENNY MAC LOAN SERVICES, LLC, | |
| Defendants. | |

Pending before the Court is the Motion to Dismiss of Defendant Litton Loan Servicing (Dkt. # 5), which has been joined by Defendant Penny Mac Loan Services (Dkt. # 7). For the reasons set forth below, the Court grants the Motion.

Plaintiff Ella C. Ramirez is an Arizona resident who allegedly owns a home in Arizona. Defendants Litton Loan Servicing and Penny Mac Loan Services are financial institutions that allegedly were or are involved in some manner with the financing of Plaintiff's home. In her Complaint, Plaintiff alleges that, while she owes over $349,000 from the first and second mortgages on her home, the value of her property has decreased to $250,000. Consequently, Plaintiff seeks to renegotiate the terms of her home financing with Defendants and claims that she has been unable to do so. Plaintiff thus filed suit against Defendants in the Superior Court of Arizona seeking a court order compelling that "Defendant[s] . . . negotiate with the Plaintiff in an endeavor to achieve a reorganization of

the Plaintiff's home mortgage." (Dkt. # 1 Pt. 2 at 8.) The Complaint alleges that pursuant to the Emergency Economic Stabilization Act of 2008 ("EESA"), 12 U.S.C. §§ 5201 *et seq.*, Defendants have a duty to renegotiate the terms of her mortgage contracts. (Dkt. # 1 Pt. 2. at 8.) Defendants removed the case to this Court and moved to dismiss Plaintiff's Complaint for failing to state a claim upon which relief could be granted.

A complaint may be dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Here, Defendants argue that Plaintiff's sole claim under the EESA must be dismissed because the EESA does not "impose any duties or obligations on private loan servicers." (Dkt. # 5 at 1; Dkt. # 7 at 4.) Plaintiff responded by reasserting that Defendants are obligated to renegotiate the terms of her loans. (Dkt. # 16 at 2.)[1]

Despite claiming that the EESA creates a "duty to act in the best interest of the financial institutes [sic] stockholders, the taxpayers and the mortgage holder," (Dkt. # 1 Part 2 at 8) Plaintiff fails to point to any provision in the EESA that grants a private right of action to debtors to compel lenders to renegotiate principal balances or interest rates. The EESA is, in part, "[a]n Act to provide authority for the Federal Government to purchase and insure certain types of troubled assets for the purposes of providing stability to and preventing disruption in the economy and financial system and protecting taxpayers." Emergency Economic Stabilization Act of 2008, Pub. L. No. 101-343, introductory cmt. To the extent that the Secretary of the Treasury has acquired mortgages, mortgage-backed securities, and other assets secured by residential real estate, the EESA may accommodate reasonable loan modifications and assistance for homeowners. *See* 12 U.S.C. § 5219. These accommodations, however, do not extend to the circumstances of this case because Plaintiff

---

[1] Plaintiff also argues that Defendants have not demonstrated the standing necessary to file their Motion to Dismiss. (Dkt. # 16 at 3.) This argument has no merit. Plaintiff named Defendants as parties, and by doing so she gave them a right to respond and seek dismissal of her Complaint.

- 2 -

1 | seeks to compel modification of mortgages issued and presently held by private businesses.
2 | Plaintiff has thus failed to plead a "cognizable legal theory."

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Dkt. ## 5, 7) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Dkt. # 1 Pt. 2 at 7-11) is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to terminate this matter.

DATED this 22nd day of June, 2009.

_/s/ H. Murray Snow_
G. Murray Snow
United States District Judge